IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: 11-80291-CIV-MARRA/JOHNSON

PEOPLE'S UNITED EQUIPMENT
FINANCE CORP., a Texas Corporation,
formerly known as Financial Federal
Credit Inc.,

    Plaintiff,

vs.

WELLS FARGO EQUIPMENT
FINANCE, INC., a Minnesota
corporation; EXACT CRANE &
EQUIPMENT, LLC, an Ohio limited
liability company; and CLEVELAND
CRANE & SHOVEL SALES, INC., an
Ohio corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO**
**FILE AN AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff People's United Equipment Finance Corp., f/k/a Financial Federal Credit Inc. ("People's United" or "Plaintiff"), by and through undersigned counsel, file this Motion for Leave to File Amended Complaint against Defendants Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), Exact Crane & Equipment, LLC ("Exact Crane"), and Cleveland Crane & Shovel Sales, Inc. ("Cleveland Crane").  (A copy of the proposed Amended Complaint is attached as Exhibit A).  The grounds for this motion are set forth below:

1

1. On March 21, 2011, Plaintiff filed and served their Verified Complaint in this action. Defendants did not move to dismiss the Verified Complaint (either in whole or in part), and have answered the Verified Complaint.

2. By Order dated May 31, 2011, the Court ordered that the parties had until November 4, 2011 to amend the pleadings/add parties.

3. Discovery has proceeded in this action, with the parties exchanging documents, and five depositions have been taken.

4. The Amended Complaint clarifies certain factual allegations, and adds claims for conspiracy to commit conversion (Count X), civil theft (Count XI), and violation of the Bank Holding Company Act (Count XII).

5. As the Supreme Court held in the seminal case *Foman v. Davis*, 371 U.S. 178 (1962):

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182.

6. Indeed, this Court regularly has recognized that "Rule 15(a) provides that 'leave [to amend] shall be freely given when justice so requires.'" *See, e.g., Poole v. City of Plantation*,

2

2010 U.S. Dist. LEXIS 44119, *103 (S.D. Fla. May 5, 2010); *Steinberg v. A Analyst Ltd.*, 2009 U.S. Dist. LEXIS 23491, *38 (S.D. Fla. Mar. 25, 2009).

7.   Here, Plaintiff's motion for leave to file the Amended Complaint is within the time period established by the Court's May 31, 2011 Order, will have no effect on any pending deadlines, is not interposed for delay or improper purpose, and thus should be granted.

8.   Plaintiff sent the Amended Complaint to the defendants and requested their consent to the filing of the Amended Complaint, but defendants have not yet responded to that request.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order granting Plaintiff leave to file the Amended Complaint within ten days of the date of the Order, and grant such further relief as this Court deems just and proper.

Dated: November 3, 2011

                Respectfully Submitted,

                By: *s/ Scott B. Cosgrove*_____
                Scott B. Cosgrove
                Florida Bar Number:  0161365
                SCosgrove@kasowitz.com
                Audrey M. Pumariega
                Florida Bar Number 0085206
                apumariega@kasowitz.com
                James J. Stricker
                New York Bar No. 2439560
                  *Pro hac vice*
                jstricker@kasowitz.com


                **KASOWITZ, BENSON, TORRES &**
                **FRIEDMAN LLP**
                Four Seasons Tower
                1441 Brickell Avenue, Suite 1420
                Miami, Florida  33131
                Telephone:  (305) 377-1666
                Facsimile:   (305) 377-1664
                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a notice of the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| **Charles F. Ketchey, Jr., Esq.**<br>Trenam Kemker<br>101 E. Kennedy Boulevard<br>Suite 2700<br>Tampa, FL 33602 | **Jose Carlos A. Villanueva, Esq.**<br>Paul L. Orshan, P.A.<br>2506 Ponce de Leon Boulevard<br>Coral Gables, FL 33134 |

                                                       /s/ Audrey M. Pumariega
                                                           Attorney