**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHTERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No. 9:11-cv-80291-KAM (Marra)

PEOPLE'S UNITED EQUIPMENT
FINANCE CORP., a Texas corporation,
formerly known as Financial Federal
Credit Inc.,

    Plaintiff,

vs.

WELLS FARGO EQUIPMENT
FINANCE, INC., a Minnesota
corporation; EXACT CRANE &
EQUIPMENT, LLC, an Ohio limited
liability company; and CLEVELAND
CRANE & SHOVEL SALES, INC.,
an Ohio corporation,

    Defendants.
_____/
CLEVELAND CRANE & SHOVEL
SALES, INC., an Ohio corporation,

    Cross-claim Plaintiff,

vs.

WELLS FARGO EQUIPMENT
FINANCE, INC., a Minnesota
corporation,

    Cross-claim Defendant.
_____/

**DEFENDANTS, EXACT CRANE AND EQUIPMENT
FINANCE, LLC'S AND CLEVELAND CRANE AND SHOVEL,
INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

    Defendants, EXACT CRANE & EQUIPMENT FINANCE, L.L.C. ("Exact Crane") and

CLEVELAND CRANE & SHOVEL SALES, INC. ("Cleveland Crane") (Exact Crane and

1

Cleveland Crane collectively referred to herein as "Defendants"), file their Answer and Affirmative Defenses to Plaintiff's, PEOPLE'S UNITED EQUIPMEBNT FINANCE CORP. ("Plaintiff") Amended Complaint (DE 32), and state:

## Nature of Action

1. Admit that it purports to be an action for declaratory judgment, conversion, tortuous interference, conspiracy, fraudulent transfer, replevin, conspiracy to commit conversion and civil theft, deny the remaining allegations and strict proof thereof is hereby demanded.

## The Parties

2. Without knowledge, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

3. Without knowledge, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

4. Admits that Exact Crane is an Ohio limited liability company whose members are residents of the state of Ohio.

5. Admit that Cleveland Crane is an Ohio corporation with its principal place of business located in Cleveland, Ohio.

## Jurisdiction and Venue

6. Admit for jurisdictional purposes only.

7. Admit for purposes of venue only.

## Background

8. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

9. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

10. Defendants admit that "Exhibit A" appears to be a promissory note and security agreement. Without knowledge sufficient to enable Defendants to admit or deny the remaining allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same and strict proof thereof is hereby demanded.

11. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph and subparts thereof, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

12. Deny.

13. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

14. Defendants deny to the extent that the equipment identified in Exhibit B is purported to be characterized as "Subject Inventory." Without knowledge as to the remainder of the allegations, which relate to the alleged activities of others and strict proof thereof is hereby demanded.

15. Defendants deny to the extent that the equipment identified in Exhibit B is purported to be characterized as "Subject Inventory." Without knowledge as to the remainder of the allegations, which relate to the alleged activities of others and strict proof thereof is hereby demanded.

16. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

17. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

18. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

19. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

20. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

21. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

22. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

23. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

24. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

25. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

26. Defendants admit that they believed Wells Fargo was actually the owners of the cranes. Without knowledge sufficient to enable Defendants to admit or deny the remaining allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same and strict proof thereof is hereby demanded.

27. Deny.

28. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

29. Defendants admit purchasing the equipment with the funds wired directly to Wells Fargo and/or Atlantic/Zeiger. The purchase of the equipment was for fair value. Defendants deny to the extent that the purchased equipment is purported to be characterized as "Subject Inventory." Without knowledge as to the remainder of the allegations, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

30. Defendants purchased the equipment for fair value. Defendants deny to the extent that the purchased equipment is purported to be characterized as "Subject Inventory." Without knowledge as to the remainder of the allegations, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

31. Defendants purchased the equipment for fair value. Defendants purchase of the equipment was done in a usual manner that was acceptable and appropriate under the circumstances in light of Defendants familiarity with the operations of Atlantic/Zeiger and the cranes of Atlantic/Zeiger. Defendants deny to the extent that the purchased equipment is purported to be characterized as "Subject Inventory." Defendants deny the remainder of the allegations and strict proof thereof is hereby demanded.

32. Defendants deny the allegations to the extent it assumes the existence of an obligation to advise and/or inform People's of Defendants purchase of the equipment for fair value. Defendants deny the remainder of the allegations and strict proof thereof is hereby demanded.

33. Defendants deny to the extent the equipment is characterized as "Subject Inventory." Defendants admit that they received a demand, but deny that Plaintiff was entitled to the relief demanded. Without knowledge of the remainder of the allegations and therefore deny same and demand strict proof thereof.

34. Admit.

35. Admit.

36. Deny.

37. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

38. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

39. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

### COUNT I
### DECLARATORY JUDGMENT (28 U.S.C. § 2201)
**Against Wells Fargo, Cleveland Crane, and Exact Crane)**

40. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

41. Admit that this count of the Amended Complaint purports to be a cause of action for declaratory relief pursuant to 28 U.S.C. §2201.

42. Deny.

43. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

44. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

45. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

46. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

47. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

48. Admit.

49. Deny.

50. Deny.

Defendants respond to the unnumbered paragraph following paragraph 50 and deny Plaintiff is entitled to the relief requested.

## COUNT II
## <u>CONVERSION</u>
### (Against Cleveland Crane)

51. Defendant, Cleveland Crane, realleges and incorporates by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

52. Denies.

53. Denies.

54. Cleveland Crane admits that it received a demand, but denies that Plaintiff was entitled to the relief demanded and strict proof thereof is hereby demanded.

55. Denies.

Defendant Cleveland Crane responds to the unnumbered paragraph following paragraph 55 and denies Plaintiff is entitled to the relief requested.

## COUNT III
## CONVERSION
### (Against Exact Crane)

56. Defendant, Exact Crane realleges and incorporates by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

57. Denies.

58. Exact Crane admits it purchased the crane identified in this paragraph, and denies the remainder of the allegations and strict proof thereof is hereby demanded.

59. Cleveland Crane admits that it received a demand, but denies that Plaintiff was entitled to the relief demanded and denies the remainder of the allegations and strict proof thereof is hereby demanded.

60. Denies.

Defendant Exact Crane responds to the unnumbered paragraph following paragraph 60 and denies Plaintiff is entitled to the relief requested.

## COUNT IV
## CONVERSION
### (Against Wells Fargo)

61-66. Count IV does not apply to Defendants; therefore, no response is required.

## COUNT V
## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP
### (Against Wells Fargo)

67-77. Count V does not apply to Defendants; therefore, no response is required.

## COUNT VI
## CONSPIRACY
**(Against Wells Fargo, Exact Crane, and Cleveland Crane)**

78. Defendants reallege and incorporate by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

79. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

80. The document referenced in paragraph 80 speaks for itself, deny as to the remainder of the allegations contained in paragraph 80 and strict proof thereof is hereby demanded.

81. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

82. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

83. Deny.

84. Deny.

85. Deny.

86. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

87. Defendants admit purchasing the cranes on or about February 4, 2011. Defendants admit that Atlantic/Zeiger filed petitions for relief under chapter eleven of the U.S. Bankruptcy code on February 18, 2011. Without knowledge as to the remainder of the allegations in this paragraph and strict proof thereof is hereby demanded.

88. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

89. Deny.

90. Deny.

Defendants respond to the unnumbered paragraph following paragraph 90 and deny Plaintiff is entitled to the relief requested.

## COUNT VII
### FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. §726.101 *et seq.*
**(Against Wells Fargo, Exact Crane, and Cleveland Crane)**

91. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

92. Defendants admit purchasing the cranes on or about February 4, 2011. Defendants admit that Atlantic/Zeiger filed petitions for relief under chapter eleven of the U.S. Bankruptcy code on February 18, 2011. Without knowledge as to the remainder of the allegations in this paragraph and strict proof thereof is hereby demanded.

93. Deny.

94. Deny that Atlantic/Zegier received inadequate consideration for the sale of the cranes, deny that Atlantic/Zeiger did not receive equivalent value, and are without knowledge sufficient to enable Defendants to admit or deny the remainder of the allegation in this

paragraph, which relate to the alleged activities of others, and therefore deny same and strict proof thereof is hereby demanded.

95. Deny.

96. Without knowledge sufficient to enable Defendants to admit or deny the allegations in this paragraph, which relate to the alleged activities of others, and therefore deny same in its entirety and strict proof thereof is hereby demanded.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

Defendants respond to the unnumbered paragraph following paragraph 100 and deny Plaintiff is entitled to the relief requested.

## COUNT VIII
## REPLEVIN PURSUANT TO FLA. STAT. § 78.055
(Against Cleveland Crane)

101. Defendant Cleveland Crane realleges and incorporates by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

102. Admits that Count VIII of the Amended Complaint purports to be a claim to recover possession of personal property pursuant to Chapter 78, and denies the remainder of the allegations not expressly admitted and strict proof thereof is hereby demanded.

103. Cleveland Crane admits the description of the cranes identified in paragraph 103, and denies the remaining allegations and strict proof thereof is hereby demanded.

104. Without knowledge sufficient to enable Cleveland Crane to admit or deny the allegations in this paragraph and therefore deny same in its entirety and strict proof thereof is hereby demanded.

105. Denies.

106. Denies.

107. Cleveland Crane admits that it paid value directly to Wells Fargo for the purchase of the cranes identified in paragraph 103. Denies the remaining allegations and strict proof thereof is hereby demanded.

108. Admits that the cranes identified in paragraph 103 have not been taken for any tax, assessment or fine levied under any law. Denies the remaining allegations and strict proof thereof is hereby demanded.

109. Admits that the cranes identified in paragraph 103 have not been seized through an execution or attachment. Denies the remaining allegations and strict proof thereof is hereby demanded.

Defendant responds to the unnumbered paragraph following paragraph 109 and deny Plaintiff is entitled to the relief requested.

## COUNT IX
### REPLEVIN PURSUANT TO FLA. STAT. § 78.055
**(Against Exact Crane)**

110. Defendant Exact Crane realleges and incorporates by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

111. Admits that Count IX of the Amended Complaint purports to be a claim to recover possession of personal property, and denies the remainder of the allegations not expressly admitted and strict proof thereof is hereby demanded.

112. Exact cranes admits the description of the crane identified in paragraph 112. Denies the remaining allegations and strict proof thereof is hereby demanded.

113. Without knowledge sufficient to enable Cleveland Crane to admit or deny the allegations in this paragraph and therefore deny same in its entirety and strict proof thereof is hereby demanded.

114. Denies.

115. Denies.

116. Admits that Exact Crane purchased the crane identified in paragraph 112, and denies that it was required to obtain a release of lien or written permission for the sale, and denies the remaining allegations and demands strict proof thereof.

117. Admits that the crane identified in paragraph 112 has not been taken for any tax, assessment or fine levied under any law. Denies the remaining allegations and strict proof thereof is hereby demanded.

118. Admits that the crane identified in paragraph 112 has not been seized through an execution or attachment. Denies the remaining allegations and strict proof thereof is hereby demanded.

Defendant responds to the unnumbered paragraph following paragraph 118 and denies that Plaintiff is entitled to the relief requested.

## COUNT X
## CONSPIRACY TO COMMIT CONVERSION
### (Against Wells Fargo, Exact Crane, and Cleveland Crane)

119. Defendants reallege and incorporate by reference its responses to paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Without knowledge, therefore denied and strict proof thereof is hereby demanded.

125. Without knowledge, therefore denied and strict proof thereof is hereby demanded.

126. Admit that Defendants purchased cranes on or about February 4, 2011. Deny the remaining allegations and strict proof thereof is hereby demanded.

127. Deny.

Defendants respond to the unnumbered paragraph following paragraph 127 and deny that Plaintiff is entitled to the relief requested.

## COUNT XI
## CIVIL THEFT PURSUANT TO FLA. STAT. § 812.014
(Against Wells Fargo)

128-137. Count XI does not apply to Defendants; therefore, no response is required. Any allegations not specifically admitted are specifically denied.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendants allege the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to comply with the requirements of *Fla. Stat.* §319.27. To perfect its purported lien in the crane identified in Counts III and IX of the Amended Complaint, Plaintiff was required to obtain a title certificate in the name of Zeiger Crane and/or Atlantic Leasing with Plaintiff's name, or the name of its predecessor in interest, endorsed thereon as the lienholder, pursuant to *Fla. Stat.* § 319.27.

Instead, Plaintiff filed a UCC financing statement.  Thus, Plaintiff failed to perfect its purported claim of lien in the subject crane purchased by Defendant Exact Crane.  Accordingly, Exact Crane's title is superior to any interest alleged to be held by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Defendant Cleveland Cranes' status as bona fide purchasers for value.  Defendant Cleveland Crane is a bona fide purchasers for value without notice or reason to know that Plaintiff claimed a security interest in the cranes identified in Counts II and VIII of the Amended Complaint.  Accordingly, Defendants title in the subject cranes is superior to any interest alleged to be held by Plaintiffs.

## THRID AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of its floating lien over the subject property.  Plaintiff purports to have a claim of lien on all property "now owned or hereafter acquired."  Plaintiff's purported lien is, therefore, a floating lien pursuant to *Fla. Stat.* § 679.2041, which terminated upon the sale of the subject cranes to Defendants.  Accordingly, Defendants title in the subject cranes is superior to any interest alleged to be held by Plaintiffs in the subject cranes.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since its financing statement failed to reasonably identify the subject collateral.  Plaintiff's financing statement purportedly covers inventory.  The subject cranes held by Atlantic/Zeiger and sold to Defendants were equipment, specifically and easily identifiable by serial number, which Plaintiff failed to reasonably identify. Thus, the subject cranes are not subject to Plaintiff's purported lien.  Accordingly, Defendants' interest in the subject cranes is superior to Plaintiff's purported claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert Count VII of the Complaint. Any fraudulent transfer action constitutes property of the bankruptcy estate of Zeiger Crane and/or Atlantic Leasing. Any attempt by Plaintiff to assert this claim is in violation of 11 U.S.C. § 544.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief it seeks in Counts III and IX since its purported security interest is not superior to Exact Crane since Plaintiff failed to file a certificate of title bearing Plaintiff's name endorsed thereon as the lienholder, pursuant to *Fla. Stat.* § 319.27.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the equipment purchased by Defendants is deemed to be inventory as alleged by Plaintiff, Plaintiff's claims are barred, in whole or in part, by Cleveland Cranes status as buyers in the ordinary course of business. Cleveland Crane purchased the subject cranes in good faith, without knowledge or reason to know that the sale violated Plaintiff's alleged rights in the subject cranes. Accordingly, Cleveland Cranes' title in the subject cranes is superior to any interest alleged to be held by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment. To the extent Plaintiff prevails in establishing its priority to and recovers from Wells Fargo the proceeds of the sale of equipment to Defendants, Plaintiff would be unjustly enriched to the extent it also prevails in its action for replevin against Defendants.

### NINTH AFFIRMATIVE DEFENES

Plaintiff claims are barred, in whole or in part, for failure to state any claim for relief since Plaintiff will suffer no damages. Plaintiff and Atlantic/Zeiger entered into a settlement

agreement in the Atlantic/Zeiger consolidated Chapter 11 bankruptcy case, wherein Plaintiff is expected to be paid in full within one (1) year in complete satisfaction of all of its claims against Atlantic/Zeiger. If Plaintiff is paid in full, in accordance with the terms of that settlement agreement, it will have suffered no damages, thus vitiating its claim for damages necessary to support its causes of action asserted in the instant lawsuit.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of unconscionability. It would be unconscionable for Plaintiff to successfully obtain the proceeds paid to Wells Fargo without the Defendants receiving clear title to the equipment that they paid for as good faith purchasers for value.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and estoppel. Plaintiff knew or had reason to know of its legal right to perfect its security interest in the subject collateral under *Fla. Stat.* §319.27 and §679.3111, and of Wells Fargo's competing purchase money security interest in the subject cranes. Plaintiff waived this right when it failed to perfect its security interest pursuant to *Fla. Stat.* § 319.27, and where it failed to perfect its security interest in the cranes in accordance with equipment financing rules under the Uniform Commercial Code, as adopted in Florida. Defendants relied in good faith on Plaintiff's waiver of these rights when they purchased the subject cranes. Plaintiff is, therefore, estopped from asserting a superior interest in the subject cranes by virtue of its waiver of the right to perfect its interest in the cranes.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  Defendants purchased the cranes Plaintiff claims a superior interest in.  Plaintiff knew or should have known of the sale but delayed in bringing its Complaint, as amended.  Defendants did not know and did not have reason to know that Plaintiff would later assert a superior interest in the cranes since Plaintiff failed to file a certificate of title bearing the name of Zeiger Crane and/or Atlantic Leasing with Plaintiff's name, or the name of its predecessor in interest, endorsed thereon as the lienholder, pursuant to *Fla. Stat.* § 319.27, and since Plaintiff's financing statement covered inventory, not equipment.  Defendants will, therefore, suffer irreparable harm or prejudice if Plaintiff is granted the relief it seeks since Defendants have already paid for the cranes to a third-party.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants' deny that the Plaintiff was injured to the nature and extent complained of in the Amended Complaint, and therefore, deny that the Plaintiff is entitled to the damages claimed.

Dated:  December 15, 2011.

>PAUL L. ORSHAN, P.A.
>Counsel for EXACT CRANE & EQUIPMENT FINANCE, L.L.C. and CLEVELAND CRANE & SHOVEL SALES, INC.
>2506 Ponce de Leon Boulevard
>Coral Gables, FL  33134
>TEL.:  305-529-9380
>FAX:  305-402-0777
>*paul@orshanpa.com*
>
>By:     */s/ Paul L. Orshan*
>          Paul L. Orshan, Esq.
>          Florida Bar No. 776203
>          Jose-Carlos A. Villanueva, Esq.
>          Florida Bar No. 0034658

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Answer and Affirmative Defenses to the Amended Complaint* was served on December 15, 2011, via the Court's CM/ECF system upon all registered users in this case including: **Scott B. Cosgrove, Esq., Sandra J. Millor, Esq., and Audrey M. Pumariega, Esq.**, Kasowitz, Benson, Torres & Friedman LLP, Counsel for [Plaintiff] People's United Equipment Finance Corp., 1441 Brickell Avenue, Suite 1420, Miami, Florida 33131; **James J. Stricker, Esq.,** Kasowitz, Benson, Torres & Friedman, LLP, Counsel for [Plaintiff] People's United Equipment Finance Corp., 1633 Broadway, New York, NY 10019; and **Roberta A. Colton, Esq., Stephanie C. Lieb, Esq., and Charles Franklin Ketchey, Jr., Esq.**, Trenam Kemker, Counsel for [Defendant/Cross-Defendant] Wells Fargo Equipment Finance, Inc., 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602.

By:   */s/ Paul L. Orshan*
      Paul L. Orshan, Esq.
      Florida Bar No. 776203